HsiiBY, J.
A motion is made by the appellee to dismiss the appeal in this ease, on the following ground :
That the transcript on file in this court does not show what evidence was adduced, nor was there any statement of facts made and filed in the suit as required by law.
The transcript of the record is brought up duly certified by the cleric of the District Court, and this suffices to enable this Court to consider the entire case, and decide it on the merits.
Art. 896 C. P. 5 La. 293 ; 6 La. 211; 16 An. 84 ; 18 An. 262, 282.
The motion to dismiss is overruled.
Suit was instituted in May, 1866, against the defendants in sólido, on three notes, each for four thousand dollars, drawn by John Gordon to the order of J ohn Routh, as executor of the estate of J. G. Gordon, deceased, and endorsed by John Routh as executor and individually.
On the 13fch of November, 1866, Routh, as executor, filed an exception, “ that he was without any legal authority whatever to endorse the obligations sued on as executor aforesaid, and could not by such endorsement bind the succession of Gordon.
This exception was referred to the merits.
On the 19th of the same month, Routh filed a general denial as executor and individually.
J ohn Routh, the executor of J. G. Gordon, having died during the pendency of this suit, George Sargent was appointed by the Court, dative testamentary executor, to succeed him, and judgment having been rendered against both the estates of John Routh and of J. G. Gordon in solido, for the whole amount, etc., claimed, the executor, Sargent, has appealed.
The points for the defence set up in this court are, that an executor without an order of court cannot bind an estate by endorsing notes belonging to it, particularly, when it is not shown that such endorsements are not, as in the present case, shown to have relation to the affairs of the estate.
Also, that there is no proof in the record that any notices of protest of the notes sued on were ever served upon the representative of the estate of J. G. Gordon. It is only necessary to examine the last point.'
There are attached to the protests of the notes, blank certificates of notices of protest, which prove nothing, nor is the defect supplied by any other testimony. R. S. page 45 $ 8; 1 An. page 95.
The endorser of the notes sued on, the estate of J. G. Gordon, if bound by the endorsement at all, is discharged for the want of duly.. legal notice of failure to pay them by the drawer.
*214 It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed that judgment be, and it is hereby rendered against the plaintiff and in favor of the estate of J. G. Gordon, as in case of nonsuit, and that the plaintiff pay the costs of suit in both courts.